**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

|                                      |   |                                   |
|--------------------------------------|---|-----------------------------------|
| HOWARD JOHNSON, JR.,                 | : |                                   |
|                                      | : |                                   |
| Plaintiff,                           | : |                                   |
|                                      | : |                                   |
| VS.                                  | : |                                   |
|                                      | : | CIVIL No: 5:15-CV-0447-MTT-MSH    |
| Warden T. J. CONLEY, *et al.*,       | : |                                   |
|                                      | : |                                   |
| Defendants.                          | : |                                   |

_____

**ORDER**

Plaintiff Howard Johnson Jr., an inmate at Washington State Prison in Davisboro, Georgia, has now filed a *pro se* civil rights complaint in this Court and requests leave to proceed in this action without prepayment of the required filing fee and seeks preliminary injunctive relief.   After a review of Plaintiff's pleadings, as required by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the undersigned finds that Plaintiff may not proceed *in forma pauperis* as three or more of his prior federal complaints have been dismissed and count as "strikes" under 28 U.S.C. § 1915(g).   His Motion to Proceed *in forma pauperis* (ECF No. 6) is thus **DENIED**.   It is also **RECOMMENDED** that his Recast Complaint be **DISMISSED WITHOUT PREJUDICE** and that his Motion for a Temporary Restraining Order (ECF No. 1) be **DENIED**.

**DISCUSSION**

**I.      Authority and Standard for Review under 28 U.S.C. § 1915A**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an]

officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006)). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

## II.    Motion to Proceed *in forma pauperis*

The undersigned has now reviewed all of the allegations in Plaintiff's Recast Complaint (ECF No. 5) and finds that Plaintiff cannot proceed in this action without prepayment of the full $400 filing fee.   Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).   If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited.   *See id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple lawsuits in federal court and that at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim.   *See Johnson v. Georgia Dep't of Corr.*, 7:99-cv-0711-HL, Doc. 9 (M.D. Ga. Sept. 7, 1999) (dismissing this action as frivolous); *Johnson v. Ray*, 1:98-cv-0623, Doc. 6 (N.D. Ga. Oct. 16, 1998) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)), appeal dismissed, Doc. 10 (11th Cir. June 16, 1999) (denying leave to proceed *in forma pauperis* due to a frivolity determination); *Johnson v Ferraro*,

1:03-cv-3446, ECF No. 4 (N.D. Ga. May 4, 2004) (complaint dismissed as frivolous pursuant to § 1915A).  For this reason, and because there nothing alleged in the recast complaint to suggest that the three strikes bar should not be applied, the undersigned finds that Plaintiff is barred from proceeding without prepayment of the full $400.00 filing fee.

Plaintiff's Motion to proceed *in forma pauperis* is accordingly **DENIED**.  When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the court to then dismiss the complaint without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## III.    Failure to State a Claim

Even if Plaintiff was entitled to proceed *in forma pauperis* in this case under § 1915(g), his Recast Complaint is also subject to dismissal because his allegations, when liberally construed and read in his favor, fail to state a claim upon which relief may be granted.  In his Recast Complaint, Plaintiff states that he is being held in long term administrative segregation without being provided the requisite due process.  He also claims that Defendants have refused to allow him to exercise "his basic constitutional rights" such as "access to the courts, . . . recreation, . . . a sanitary living area, . . . counseling services, . . . the grievance process, . . . laundry and clothing services, . . . medical services [and] mental health services."   Recast Compl. 6, ECF No. 5.

These conclusory allegations do not state a claim.  An action is not unconstitutional simply because Plaintiff says it was so.  It is not a "fact" that can be alleged by Plaintiff; it is a legal conclusion.  *See Papasan v. Allain*. 478 U.S. 265, 286 (1986) (holding that courts are "not bound to accept as true a legal conclusion couched as a

factual allegation."); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[U]nwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").   Plaintiff certainly does not have an unlimited right to access the courts, recreation or clothing of his choice, a prison grievance process, or unnecessary counseling, medical, or mental health services while incarcerated.   The rights and liberties of prisoners can be restricted within the bounds of the constitution and Plaintiff has not alleged any facts to show that the constitutional limits have been exceeded in his case.   *See Sheley v. Dugger*, 833 F.2d 1420, 1428–29 (11th Cir. 1987) (holding that conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment."); *Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Under certain circumstances, administrative segregation is a necessary limitation of privileges and rights that incarceration demands.").

Plaintiff's allegations are also deficient in that there is no specific action or policy of any individual defendant even mentioned in the Recast Complaint.   A complaint plainly fails to state a viable claim if it does not allege facts specifically associating the defendants with the alleged constitutional violations.   *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1234, at 381–85 (3d ed. 2004) ("[A] complaint will be held defective ... if [it] fails to connect the defendant with the alleged wrong.").

## IV.    Motion for Injunctive Relief

Plaintiff also filed a motion seeking injunctive relief, requesting that "the Court order the Defendants to release Plaintiff from the [Long-Term Administrative

Segregation/Isolation] unit into general population."   Mot. for TRO 3, ECF No. 1. Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest.   *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).   An irreparable injury "must be neither remote nor speculative, but actual and imminent."   *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).   As it is recommended that Plaintiff's claims be dismissed, Plaintiff cannot establish a "substantial likelihood of success on the merits."   It is therefore recommended that his motion for injunctive relief be denied.

## CONCLUSION

Therefore, leave to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915(g), and it is **RECOMMENDED** that Plaintiff's Recast Complaint be **DISMISSED WITHOUT PREJUDICE** for both this reason and for Plaintiff's failure to state a claim. It is also **RECOMMENDED** that Plaintiff's motion for a temporary restraining order be **DENIED.**   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.   The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO **ORDERED** and **RECOMMENDED**, this 8th day of February, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE